Daniel G. Shay (State Bar No. 250548)
DanielShay@SanDiegoBankruptcyNow.com
**LAW OFFICES OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

Attorney for Plaintiff Freddericka T. Bradshaw

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FREDDERICKA T. BRADSHAW,** | CASE NO. **'13CV0599 BEN BLM** |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEQ. |
| **DISCOVER FINANCIAL SERVICES, INC,** **a Delaware Corporation,** | JURY TRIAL DEMANDED |
| **Defendant.** | |

## INTRODUCTION

1. Freddericka T. Bradshaw ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Discover Financial Services, Inc. ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities, in negligently, and/or willfully violating numerous debt collection laws. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

///

**JURISDICTION AND VENUE**

2. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.*

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction.  Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

**PARTIES**

4. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Delaware corporation registered in Delaware with their principal place of business located in Illinois.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.  The Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (32).

**FACTUAL ALLEGATIONS**

6. Plaintiff incurred a financial obligation to Defendant beginning around 2005 for a personal credit card.

7. Plaintiff retained attorney Daniel G. Shay ("Counsel") on August 6th, 2010 for a Chapter Seven Bankruptcy and to stop creditor harassment.

8. Counsel sent Defendant a Cease and Desist Letter and Power of Attorney on August 9th, 2010 via facsimile and can provide Defendant a copy to upon request.

2

**Complaint for Damages**

9. The Cease and Desist letter clearly stated Plaintiff was represented by Counsel and requested that all calls by Defendant to Plaintiff be directed to Counsel.

10. Defendant nevertheless called Plaintiff on her residential telephone line numerous times after August 9th, 2010.

11. For example, Defendant called Plaintiff at least eight (8) times from September 15th through September 23rd, 2010.

12. Defendant used an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff in violation of 47 U.S.C. § 227 (b)(1)(B).

13. The phone numbers Defendant used were 800-347-5518 and 614-283-3700.

14. Once Plaintiff was represented by Counsel an extreme privacy right was created and all contact by Defendant should have ceased and been directed to Counsel under numerous laws.

15. Any established business relationship was extinguished on August 9th, 2010 when Plaintiff retained Counsel and sent Defendant a Cease and Desist Letter and Power of Attorney via facsimile.

16. Any commercial purpose was also extinguished on August 9th, 2010 when Plaintiff retained Counsel and sent Defendant a Cease and Desist Letter and Power of Attorney via facsimile.

17. Defendant's calls to Plaintiff overwhelmingly adversely affected Plaintiff's privacy right as all calls to Plaintiff should have ceased and been directed to Counsel under numerous laws.

18. On several occasions Plaintiff explicitly instructed Defendant not to call her.

19. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

20. These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1)(B).

21. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

///

///

///

3

**Complaint for Damages**

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. § 227

22. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

23. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers" and the use of artificial or prerecorded voices. Specifically, the plain language of section 227(b)(1)(B) prohibits initiating "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party unless the call is initiated for emergency purposes…".[2]

24. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.[3]

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET *SEQ.*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

///

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(B).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

4
**Complaint for Damages**

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

28. Plaintiff is also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

29. Plaintiff incorporates by reference the above paragraphs 1 through 34, inclusive, of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

33. Plaintiff is also entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**FOR NEGLIGENT VIOLATIONS OF**
**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

34. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff seeks $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

36. An award of attorneys' fees and costs to counsel for Plaintiff.

5

**Complaint for Damages**

37. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## FOR KNOWING AND/OR WILLFUL VIOLATIONS
## OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

38. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

40. An award of attorneys' fees and costs to counsel for Plaintiff.

41. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: February 28, 2013               LAW OFFICES OF DANIEL G. SHAY

By: /s/ Daniel G. Shay
Daniel G. Shay
DanShay@SDBKN.com
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

6

**Complaint for Damages**